The opinion of the court was delivered by
Brewer, J.:
This was a proceeding under §525 of the code, by which a controversy upon an agreed statement of facts was submitted to the court for trial. Upon such agreed statement, the district court rendered judgment for the defendant, and the plaintiff brings error to this court. The facts of the case as agreed upon are these: Plaintiff, in November, 1878, was elected county superintendent of Neosho county for a term of two years, commencing January, 1879. He qualified, and discharged the duties of the office for the two years thence ensuing, and for those services was paid at the rate of $600 a year. According to the census taken by the township trustees on March 1, 1880, the population of Neosho county was 14,095, and the population of said county prior to March, 1880, never exceeded said number. According to the United States census, taken on the 1st of June, 1880, the county contained a population of 15,125, and from that time to the end of the year the county contained over 15,000 inhabitants, according to said United States census. Now by § 8 of chapter 92, Compiled Laws of 1879, in counties of 10,000 and less than 15,000 inhabitants, county superintendents are entitled to a salary of $600. In counties of 15,000 and less than 20,000 inhabitants, to a salary of $800. Upon these facts, plaintiff claims that from June 1st, 1880, to the close of the year, he was entitled to a salary at the rate of $800 a year; and whether he was so entitled or not, is the single question presented in this case.
This proceeding under § 525 is a very satisfactory way of presenting a case to any court. By it all controversy as to matters of fact is eliminated, and a pure and simple question of law presented for decision. In this case counsel have *641 very clearly and precisely stated the facts and' in their brief presented a question for the decision of this court. It is very satisfactory to us to have this question of law thus distinctly and clearly presented. The argument of counsel for plaintiff is substantially this, that the salary of the county superintendent is graduated by population; that while as to other officers whose salaries are thus graduated a certain evidence or test of population is by statute prescribed, (as to county treasurer, see § 8, p. 443, Comp. Laws 1879; as to the county attorney, § 139, p. 298, Comp. Laws 1879; and as to county '"clerk,'§ 6, p. 441, Comp. Laws 1879,) that as to county superintendents no such test or evidence is prescribed; that therefore the salary is graduated according to the very fact of population; that the U. S. census is competent and trustworthy evidence of population; that when by that it appears that the population of any county is in excess of 15,000, the .salary thenceforward of the county superintendent is $800.
Notwithstanding the very clear and forcible argument of plaintiff, we are compelled to think that the ruling of the district court is correct. We are not disposed to question the proposition of counsel that in the absence of a specific statute prescribing other evidence, the returns of the U. S. census are competent and at least prima fade evidence of the amount of population, where the question of population is one of fact, to be determined as other matters of fact by a trial court. „ Nevertheless, the ruling of the district court is right, and for two reasons. It is generally true that rules prescribed by state statutes are to be interpreted' and enforced in the light of information derived from state proceedings. The state within the limits of its authority is a complete and independent sovereign; its statutes are to be interpreted by and its rules are referable to proceedings had under its authority and prescribed by its laws. So when it refers to a question of population, in the absence of language importing other reference, the proper understanding is that it refers to population as determined and evidenced by state proceedings. In many cases, as shown by citations heretofore made, particular. *642 reference is made to certain special proceedings prescribed by statute. Where none of those special proceedings are made-controlling by statute, and in fact no particular matter is referred to as absolutely controlling, then of course the matter-remains open for examination as a matter of fáct, but burdened with the general proposition that every proceeding instituted under state authority for determining the matter of population is prima faoie evidence, and controlling above any evidence of population furnished by a different government. Now upon the agreed statement of facts it is admitted' that the last census taken by state authority, in March, 1880r showed a population less than 15,000. It is admitted as a matter of fact, that up to such date the population was less than 15,000; and the only claim is that by the U. S. census of June, 1880, and according to such census from that time on through the balance of the year the population was over 15,000. It is nowhere conceded that as a matter of fact the population at any time during 1880 was over 15,000, but only that by the U. S. census it appeared to be over 15,000'. Hence under these admissions we think that the proceedings under state authority control, and that the population as determined by the state census must control as to the salary to be paid under state laws.
The other reason is this: It is not pretended that the population during the entire year 1880 was over 15,000. It is expressly conceded that up to March 1st, 1880, at least,, the population was less than 15,000, and the only claim is that from June 1st, thenceforward to the end of the year, the population was over 15,000. Further, it is conceded that the only evidence of population furnished by state authority is that furnished by the census of March 1st, showing a population less than 15,000. Now the salary prescribed by the statute above referred to is a salary per annum. This means that the salary for the year is graduated by the population of the year. It does not mean that the salary varies from month to month or from day to day, with any corresponding increase or decrease of population, but it is a salary *643 which once fixed remains fixed for the year. It is conceded that up to March 1st, 1880, and by the only state census taken during that year, and that in March, 1880, the population was less than 15,000. This we think controls the salary for the year, and that no matter though it should be shown by absolute and incontrovertible testimony, that thereafter during the year the population ran to a number in excess of 15,000, the salary of the county superintendent would not be changed thereby. The salary is not to be determined by the highest population during the year, nor necessarily by the lowest. It is. enough, when the statute prescribes the salary, and the only census made under state authority determines the population, that that census unimpeached determines the salary for the year, and no evidence of a subsequent increase or decrease will affect the question of salary thus determined. Entertaining these views, we think the ruling of the district court is correct, and its-judgment must therefore1 be affirmed.
All the Justices concurring.